## EL PUEBLO v. ROMÁN.

APELACIÓN procedente de la Corte de Distrito de Ponce.

SOBRE reconsideración de sentencia.

No. 357.—Resuelto en mayo 7, 1912.

DERECHO PENAL—RECONSIDERACIÓN DE SENTENCIA—ESTATUTOS FEDERALES—LISTA
DE LOS TESTIGOS DE CARGO.—Los preceptos del artículo 1033 de los Estatutos
Revisados de los Estados Unidos son de aplicación a las cortes de circuito
y .de distrito de los Estados Unidos, y no son aplicables a las cortes insulares
de Puerto Rico.

ID.—LISTA DE TESTIGOS DE CARGO—RENUNCIA.—Aun en el supuesto de que el ar-
tículo 1033 de los Estatutos Revisados de los Estados Unidos fuera aplicable a
Puerto Rico, para que un acusado pueda acogerse a sus prescripciones debe
hacer en tiempo la solicitud para obtener la lista de los testigos de cargo, pues
de otro modo se considerará que ha renunciado a ese derecho.

ID.—COMPARECENCIA FORZOSA DE LOS TESTIGOS DE UN ACUSADO—TESTIGOS FUERA
DEL TERRITORIO.—El procedimiento del artículo 1034 de los Estatutos Revisados
de los Estados Unidos para obligar a comparecer a los testigos de un acusado,
·se refiere a los testigos que se encuentren dentro de la jurisdicción de la corte
y no a los que están fuera del territorio.

ID.—INSTRUCCIONES AL JURADO—LEY APLICABLE AL CASO.—El modo de plantear
las cuestiones relativas a la aplicación de la ley a los hechos, es· por medio
de las instrucciones de la corte al jurado.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Herminio Díaz Navarro.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En este caso el apelante presenta una moción sobre reconsideración cuyo fundamento principal estriba en haber sido juzgado sin debido procedimiento de ley. La razón específica de esa alegación es la de no haberse cumplido con las prescripciones de los artículos 1033 y 1034 de los Estatutos Revisados de los Estados Unidos. Tal argumento aparece suficientemente contestado en el caso de *Thiede* v. *Utah Territory,* 159 U. S., 514, 515. Entonces la Corte Suprema de los Estados Unidos, por medio del Juez Asociado Sr. Brewer, se expresó como sigue:

"De acuerdo con el artículo 1033 de los Estatutos Revisados, en un caso de pena capital, el acusado tiene derecho a que por lo menos dos días antes del juicio se le entregue una copia de la acusación y una lista de los testigos que han de ser llamados al juicio. (*Logan* v. *U. S.,* 144 U. S., 263, 304.) Pero este artículo es de aplicación a las cortes de circuito y de distrito de los Estados Unidos, y no regula la práctica y el procedimiento de las cortes de Utah, las que se gobiernan por los Estatutos de aquel Territorio. Esta cuestión fué ampliamente considerada en el caso de *Hornbuckle* v. *Toombs,* 18 Wall., 648, y se sostuvo, anulando anteriores decisiones, que el Congreso tuvo la intención de que quedaran sometidas a la acción legislativa de las Asambleas Territoriales y a las reglas que pudieran ser adoptadas por las mismas cortes, las alegaciones y procedimientos de las Cortes de Territorio así como sus respectivas jurisdicciones."

En el caso de *Hornbuckle* v. *Toombs* a que se ha hecho referencia, se interpuso la apelación contra una sentencia de la Corte Suprema del Territorio de Montana, y la sección 13 de la Ley Orgánica de aquel Territorio, que es equivalente a la nuestra, disponía que la Constitución y todas las leyes de los Estados Unidos que no son localmente inaplicables, tendrán la misma fuerza y efecto dentro del Territorio de Montana que en cualquiera otra parte de los Estados Unidos.

Aun suponiendo que el artículo 1033 fuera aplicable, para que un acusado pueda acogerse a sus prescripciones debe ha-

cer en tiempo su solicitud para obtener la lista de los testigos.
De otro modo se considerará que ha renunciado a ese derecho. (*Hickory* v. *U. S.*, 155 U. S., 307-308.)

. Con respecto al artículo 1034, no vemos que el acusado dejara de tener el derecho de que por la corte se obligara a comparecer a sus testigos. Ese procedimiento sólo afecta a los testigos que se encuentren dentro de la jurisdicción de la corte. Los términos de dicho artículo no son aplicables a los testigos que estén fuera del Territorio. Además, en el presente caso no se hizo solicitud alguna para la comparecencia obligatoria. La solicitud que se presentó fué para que se suspendiera el juicio.

Otra razón en apoyo de la petición de reconsideración, es que la corte sentenciadora se negó a suspender el juicio. Hemos considerado ampliamente esta cuestión en la primera discusión del caso y ningún razonamiento nuevo ha sido expuesto por la ilustrada defensa del acusado. En realidad, consideramos conjuntamente las distintas mociones que hizo el acusado como si las hubiera presentado todas a la vez y en debida forma.

Otro motivo para solicitar la reconsideración de la sentencia es, que este tribunal no consideró la aplicación que tenía el artículo 201 del Código Penal, para demostrar que el acusado había sido culpable del delito de asesinato con arreglo a dicho artículo.

Al empezar la vista de este caso, el abogado hizo presente que no se formuló objeción alguna a las instrucciones de la corte.

Hemos examinado dichas instrucciones cuidadosamente y encontramos en las mismas una exposición suficiente de la ley de asesinato, aplicable al caso que se desarrolló en el juicio. Una cuestión como ésta debe promoverse por medio de objeciones a las instrucciones.

Alega además el abogado del apelante que la preponderancia de la prueba estaba en favor del acusado. Tal cuestión era de la incumbencia del jurado, y no encontramos prue-

ba alguna de que haya habido error manifiesto, pasión, parcialidad o prejuicio en el veredicto. Hubo prueba que favorecía al acusado, pero también la había de gran fuerza en contra del mismo, especialmente la declaración del testigo Pedro Olivera.

El conflicto lo resolvió el jurado, y de conformidad con las reglas tan frecuentemente invocadas por este tribunal, no había base para la revocación de la sentencia.

Por las razones expresadas, debe desestimarse la moción.

*Sin lugar la moción.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.